James S. Turner, Esq. (D.C. Bar No. 82479)
Betsy E. Lehrfeld, Esq. (Cal. Bar No. 77153)
Swankin & Turner
1400 16th Street, NW #101
Washington, DC 20036
Telephone: (202) 462-8800
Facsimile: (202) 265-6564
E-mail: jim@swankin-turner.com;
betsy@swankin-turner.com

Carl M. Lewis, Esq. (Cal. Bar No. 121776)
1916 Third Avenue
San Diego, California 92101
Telephone:  (619) 232-0160
Facsimile:   (619) 232-0420
Email:  cmllaw@pacbell.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA WHITLOW, Individually and as Parent and Next Friend of B.A.W. and D.M. F.-W., minor children; ERIK NICOLAISEN, Individually and as Parent and Next Friend of A.W.N., a minor child; DENE SCHULTZE-ALVA, D.C., Individually, and as Parent and Next Friend of S.M.A., a minor child; NICOLE ANDRADE, Individually, and as Parent and Next Friend of I.G.A., a minor child; BRIANNA OWENS, Individually, and as Parent and Next Friend of K.R.O-R. and J.S.W.S., minor children; VERONICA DELGADO, Parent and Next Friend of A.D., a minor child; | Case No.: '16CV1715 DMS BGS **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** **TEMPORARY RESTRAINING ORDER SOUGHT** |

1  EDUCATION FOR ALL, a Nevada not
2  for profit Corporation; WESTON A.
   PRICE FOUNDATION, a District of
3  Columbia not for profit Corporation;
   CITIZENS FOR HEALTH, a Nevada
4  not for profit Corporation; and
5  ALLIANCE FOR NATURAL
   HEALTH, a Georgia not for profit
6  Corporation,,
7
                                  Plaintiffs,
8
   v.
9
10
   STATE OF CALIFORNIA,
11 DEPARTMENT OF EDUCATION;
12 TOM TORLAKSON,
   SUPERINTENDENT OF THE
13 DEPARTMENT OF EDUCATION, in
   his Official Capacity; STATE OF
14 CALIFORNIA, DEPARTMENT OF
15 PUBLIC HEALTH; DR. KAREN
   SMITH, DIRECTOR OF THE
16 DEPARTMENT OF PUBLIC
17 HEALTH, in her Official Capacity; and
   JOHN DOE 1 through JOHN DOE
18 1000, in their Official Capacities as
19 agents, servants, employees or Officials
   of the State of California, Depart_ments
20 of Public Health and Education,,
21
                                  Defendants.
22

23
24  **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

25      COME NOW the above-named Plaintiffs, by and through their attorneys,

26 James S. Turner and Betsy E. Lehrfeld of Swankin & Turner, Washington, D.C.,

27 and Carl M. Lewis, to file their Complaint seeking Declaratory and Injunctive

28 Relief.

Plaintiffs bring this action for a Temporary Restraining Order, and Declaratory and Injunctive relief, to maintain the *status quo ante,* and to enjoin the implementation of Senate Bill 277 (Pan, 2015) ("SB 277").  Plaintiffs respectfully allege the following facts and causes of action against the Defendants, as follows:

## INTRODUCTION

1.     Effective July 1, 2016, SB 277 will bar children from attending any public and private school unless proof is provided that the child has received multiple doses of vaccines for ten enumerated childhood diseases.

2.     SB 277 abolished the Personal Belief Exemption ("PBE") to California's school vaccination requirements and arguably eliminated an existing exemption from vaccination based on religious beliefs.

3.     Forty-seven states currently allow either a religious or a conscientious/personal belief exemption from school vaccination mandates.

4.     The California Supreme Court has long recognized that a child's right to an education is a fundamental right guaranteed by the California Constitution. Laws that impact the fundamental right to education, and which are not narrowly tailored to serve a compelling state interest, are unconstitutional. As the court held in *Serrano v. Priest* 18 Cal 3d 584 at 606 (1971) "We indulge in no hyperbole to assert that society has a compelling interest in affording children an opportunity to attend school."

5.     The State has broad responsibility to ensure basic educational equality and to provide a statewide public education system open on equal terms to all.

6.     Since 1961, California has allowed a philosophical exemption to vaccination based on one's personal beliefs.

7.     Since 1961, the number of vaccines and vaccine doses required for school attendance have dramatically increased.

8.     Notwithstanding the increase in required vaccines and vaccine doses, PBE rates have always remained below four percent.

9.     For decades, full vaccination coverage in California has remained well above 95% for each required vaccine.

10.    Public health experts agree that 95% vaccination coverage meets or exceeds the levels of vaccination theorized to achieve herd immunity for infectious diseases for which vaccines are available.

11.    California's PBE rate has not exceeded four percent of the entire population of school children.

12.    At the time SB 277 was enacted, according to the California Department of Public Health ("CDPH"), over 97% of California's school-aged children were fully vaccinated for each of the vaccines required by SB 277.

13.     Moreover, the overwhelming majority of the children with PBEs are selectively vaccinated. They received some, but not all of the required vaccine doses.

14.    Only one year before SB 277 was enacted, the Immunization Branch of the CDPH stated that "[v]accination coverage in California is at or near all-time high levels."

15.    At the time SB 277 was enacted, California had seen a 19 percent reduction in PBEs when AB 2109 (Pan, 2012) went into effect.

16.    Notwithstanding declining PBE rates and historically high vaccination rates, SB 277 was enacted to permanently bar children who do not receive every dose of every mandated vaccine from all public and private schools.

17.    Plaintiffs have thus been denied their fundamental right to an education guaranteed by the California Constitution.

## JURISDICTION AND VENUE

18.     This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).  This action arises under the Constitution of the United States, specifically, the First Amendment and the Equal Protection and Due Process clauses of the Fourth, Fifth, and Fourteenth Amendments.

19.     This Court additionally has original subject matter jurisdiction under 28 U.S.C. §1343 (a)(3) (civil rights), 42 U.S.C. § 1983 ("Civil action for deprivation of rights"), and 28 U.S.C. § 2201 (declaratory relief).

20.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiffs' state-law claims, which are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Plaintiffs' state-law claims include alleged violations of fundamental rights, equal protection, and due process.

21.     Venue is proper in this Court under 28 U.S.C. § 1391(e) on two independent bases: San Diego Unified School District resides in this judicial district; and the acts and omissions that gave rise to Plaintiffs Ana and Anthony Whitlow's claims occurred in this judicial district.

## PARTIES

22.     Plaintiff Ana Whitlow resides with her husband, family and minor sons B.A.W. and D.M.F-W., in the city of San Diego, located in San Diego County.  Plaintiff Ana Whitlow and her husband have chosen to selectively vaccinate B.A.W. and D.M.F-W. to avoid vaccines that offend their religious beliefs by virtue of certain ingredients, and in the interest of B.A.W's and D.M.F-W's health and wellbeing.  Plaintiff Ana Whitlow's son D.M.F-W. shows sufficient antibody levels to be deemed "proof of immunity" to the diseases for which he has not received all required vaccine doses.  Plaintiff Ana Whitlow seeks injunctive relief requiring the defendant state actors and agencies of the State of California to admit B.A.W. into kindergarten at the defendant Ocean Beach

Elementary School, operated by the defendant San Diego Unified School District. Plaintiff Ana Whitlow seeks injunctive relief prohibiting the defendant state actors and agencies of the State of California from denying admission of D.M.F-W into the defendant Correa Middle School, operated by the San Diego Unified School District. (Decl. of Ana Whitlock, pp. 1-6)

23.     Plaintiff Erik Nicolaisen lives with his wife, family and minor son A.W.N. in Studio City, Los Angeles County, California.  Erik Nicolaisen in concert with A.W.N's mother has chosen to selectively vaccinate A.W.N. in the interest of A.W.N's health and wellbeing, and seeks injunctive relief prohibiting the defendant state actors and agencies of the State of California from denying A.W.N. into the Carpenter Elementary School, operated by the Los Angeles Unified School District. (Decl. of Erik Nicolaisen, pp. 1-5)

24.     Plaintiff Dene Schultze-Alva resides with her husband, family and minor daughter S.M.A. in Sierra Madre, California, in Los Angeles County. Plaintiff Dene Schultze-Alva has chosen to selectively vaccinate S.M.A. according to the guidance of her religion and in the interest of S.M.A's health and wellbeing, and seeks injunctive relief prohibiting the defendant state actors and agencies of the State of California from denying admission of S.M.A. into the preschool facility known as the Early Childhood Development Center located in Altedena California, operated by the Pasadena Unified School District. (Decl. of Dr. Dene Schultze-Alva, pp. 1-6)

25.     Plaintiff Nicole Andrade resides in Placer County, near Loomis, California, with her husband and family, including her minor daughter I.G.A., who is ready to enter the seventh grade.  Plaintiff Nicole Andrade is religiously opposed to vaccines manufactured from aborted fetal cell lines, having fully vaccinated her oldest child before she became aware that Measles Mumps Rubella vaccine is manufactured using an aborted fetal cell line.  Plaintiff Nicole Andrade has taken

up in her prayers the question of whether to vaccinate, and believes that God would want her pro-life family to wait for more pure and safe vaccines, before vaccinating I.G.A. again.  Plaintiff Nicole Andrade has chosen to selectively vaccinate S.M.A. according to the guidance of her religion and in the interest of S.M.A's health and wellbeing and seeks an order prohibiting the defendant state actors and agencies of the State of California from denying admission of I.G.A. into Franklin Elementary School, operated by the Loomis Union School District. (Decl. of Nicole Andrade, pp. 1-6)

26.    Plaintiff Brianna Owens resides in Petrolia, Humboldt County, California. She is the parent of four children, two of whom are impacted by SB 277 and its ban from education of children who are not fully vaccinated. She has been hesitant to vaccinate her children because of a family history of autoimmune disease and her own reaction to the Tdap vaccine when she was 26 years old.  Her daughter received the Tdap vaccine and had a reaction similar to her own, but less severe. Her pediatrician told her that she could not get a medical exemption for her children because he had received a "special class" where he was told that to qualify for a medical exemption her children would have to have a "documented anaphylactic reaction" to a particular vaccine and then only for that particular vaccine. She seeks an order prohibiting the defendant state actors and agencies of the State of California from denying admission of her children into school under SB 277. (Decl. of Brianna Owens, pp. 1-5)

27.    Plaintiff Veronica Delgado is the parent of seven children, one of whom, A.N.D., has been selectively vaccinated and is about to enter 7th grade. A.N.D. had a PBE prior to the effective date of SB 277 but is now being told he cannot return to school unless his vaccinations are "caught up." He also has an IEP, but she has been told by the school that it does not entitle him to an exemption. Next year she will have a second child, who also has an IEP that she

believes is a consequence of a vaccine reaction, ready to enter 7th grade who will encounter the same problem. She seeks an order prohibiting the defendant state actors and agencies of the State of California from denying admission of her children into school under SB 277. (Decl. of Veronica Delgado, pp. 1-4)

28.     Plaintiff E4A Foundation is a non-profit organization under the laws of the State of Nevada, with its principal place of business in California, whose purpose is to promote and protect equal access to public and private education.

29.     Plaintiff Weston A. Price Foundation is a nonprofit, tax exempt nutrition education foundation whose members follow healthy natural approaches to health and healing. It has 39 local chapters and 1,836 members in California, many of whom are families with young children who would avail themselves, or may have in the past received, a personal belief exemption.

30.     Plaintiff Citizens for Health is a nonprofit, 501(c)(4) advocacy organization providing information about natural healing and laws affecting health to approximately 30,000 Californians.

31.     Plaintiff Alliance for Natural Health USA (ANH-USA) is a Georgia-based nonprofit corporation founded in 1992.  The ANH-USA mission is to protect access to natural health options and a toxin free lifestyle, including the ability to decline vaccination or modify the vaccine schedule for one's children. The ANH - USA consists of over 500,000 members, including 78,000 California residents, many of whom will be harmed by SB 277 because they will not be able to make their own decisions for their school age children based on their beliefs about vaccine-related harms.

32.     Defendant Department of Education of the State of California is a state agency created by California statute, charged with implementing the laws at issue.

33.     Defendant Tom Torlakson, Superintendent of the Department of Education, is sued in his official capacity, as a state actor responsible for implementing and enforcing the laws at issue.

34.     Defendant Department of Public Health of the State of California is a state agency created by California statute, charged with implementing the California Health and Safety Code and in particular regulating the vaccination requirements at issue, including, *inter alia,* Health & Safety Code sections 120325, 120335, 120338, 120370 and 120375.

35.     Defendant Dr. Karen Smith, Director of the Department of Public Health is sued in her official capacity, as a state actor, responsible for implementing and enforcing the laws at issue.

36.     Charity Dean, MD and Takashi Wada, MD, are the Health Officer and Director, respectively, of the Santa Barbara County Public Health Department, and are responsible for implementing and enforcing the laws at issue.

37.     Defendants, and each of them, have violated the rights of Plaintiffs as set forth below by their actual and threatened enforcement actions pursuant to SB 277. If the statute is not ruled unconstitutional for its infringement of fundamental rights and liberties, and if they are not enjoined from enforcement of SB 277, Defendants will increasingly cause harm to the Plaintiffs, their children, and parents and children similarly situated and undermine the state's compelling interest in providing access to education for all Californians.

## STATUTORY SCHEME

38.     SB 277 requires full vaccination according to a rigid schedule requiring 36-38 doses of vaccines for 10 diseases, administered between birth and seventh grade entry, the bulk of which (33-35 doses) are required before kindergarten entry at 5 or 6 years of age.

39.    Specifically, the law mandates vaccines for diphtheria, tetanus (which is not communicable), pertussis, measles, mumps, rubella, Haemophilus influenzae type b (Hib), varicella (chicken pox), polio, and hepatitis B (which is blood borne).

40.    The State recommends an additional 33-34 doses of vaccinations for another 7 diseases before age eighteen.

41.    The statutory vaccine schedule has increased dramatically over the past two decades, and it seems likely to continue to expand. SB 277 provides authority to expand the vaccine schedule with no public hearing or other due process (although there would continue to be a PBE in the case of new vaccines).

42.    Since at least 1961, California statutes provided the following exemption for schoolchildren: "Immunization of a person shall not be required for admission to a public or private…school…if such immunization is contrary to his or her beliefs."  Chapter 837 of Laws 1961.

43.    The percentage of fully vaccinated children has not dropped below 95% of California school aged children in any period for which CDPH provides historical vaccination data.

44.    AB2109 (Pan, 2012), which became effective in January 2014, created section 120365 of the Health & Safety Code, which narrowed  the conscientious exemption based on personal beliefs, requiring parents claiming a PBE to submit a letter or affidavit to their school or child care facility, stating their objection and containing verification from a health care practitioner of the fact that the parent had received information about the benefits and risks of vaccination and the risks of vaccine preventable diseases.

45.    When signing AB2109 into law on September 30, 2012, Governor Edmond G. Brown, Jr., provided a signing statement, stating, in pertinent part:

> I am signing AB 2109 and am directing the Department of Public Health to oversee this policy so parents are not overly burdened by its implementation. Additionally, I will direct the department to allow for

a separate religious exemption on the form. In this way, people whose religious beliefs preclude vaccinations will not be required to seek a health care practitioner's signature.

46.     Subsequently, Defendant California Department of Public Health (CDPH) did not require persons claiming a religious exemption to provide the verification by a health care provider.

## SB 277

47.     SB 277, effective July 1, 2016, is "[a]n act to amend Sections 120325, 120335, 120370, and 120375 of, to add Section 120338 to, and to repeal Section 120365 of, the Health and Safety Code, relating to public health."

48.     As described by the Legislative Counsel Digest, SB 277 was passed to eliminate "the exemption from existing specified immunization requirements based upon personal beliefs," as set forth at that time in Section 120365.

49.     As passed, SB 277 charges the Department of Public Health and schools with enforcing the provision.  Specifically:

Section 120375 of the Health and Safety Code is amended to read:
(a) The governing authority of each school or institution included in Section 120335 shall require documentary proof of each entrant's immunization status. The governing authority shall record the immunizations of each new entrant in the entrant's permanent enrollment and scholarship record on a form provided by the department. The immunization record of each new entrant admitted conditionally shall be reviewed periodically by the governing authority to ensure that within the time periods designated by regulation of the department he or she has been fully immunized against all of the diseases listed in Section 120335, and immunizations received subsequent to entry shall be added to the pupil's immunization record.

(b) The governing authority of each school or institution included in Section 120335 shall prohibit from further attendance any pupil admitted conditionally who failed to obtain the required immunizations within the time limits allowed in the regulations of the department, unless the pupil is exempted under Section

120370, until that pupil has been fully immunized against all of the diseases listed in Section 120335.

50.   SB 277 states that Section 120335, which sets forth the required vaccinations, does not apply to homeschool students and students in independent study programs.  Specifically,  SB 277 states:

51.

Section 120335 of the Health and Safety Code is amended to read: * * *

(f) This section does not apply to a pupil in a home-based private school or a pupil who is enrolled in an independent study program pursuant to Article 5.5 (commencing with Section 51745) of Chapter 5 of Part 28 of the Education Code and does not receive classroom-based instruction.

52.    SB 277 also states that Section 120335 does not impact students under Individualized Education Programs.  Specifically, SB 277 states:

(h) This section does not prohibit a pupil who qualifies for an individualized education program, pursuant to federal law and Section 56026 of the Education Code, from accessing any special education and related services required by his or her individualized education program.

53.   Additionally, SB 277 grandfathers PBE documentation submitted prior to January 1, 2016, to allow the child to remain in school under the PBE until the next "grade span."  "Grade span" is defined as follows:

(A) Birth to preschool.

(B) Kindergarten and grades 1 to 6, inclusive, including transitional kindergarten.

(C) Grades 7 to 12, inclusive.

54.   Children entering preschool may not obtain PBE status.  SB 277 states:

(3) Except as provided in this subdivision, on and after July 1, 2016, the governing authority shall not unconditionally admit to any of those

12

institutions specified in this subdivision for the first time, or admit or advance any pupil to 7th grade level, unless the pupil has been immunized for his or her age as required by this section.

55.　Regarding medical exemptions, SB 277 purports to vest medical judgment in the child's physician.　SB 277 states:

> (a) If the parent or guardian files with the governing authority a written statement by a licensed physician to the effect that the physical condition of the child is such, or medical circumstances relating to the child are such, that immunization is not considered safe, indicating the specific nature and probable duration of the medical condition or circumstances, including, but not limited to, family medical history, for which the physician does not recommend immunization, that child shall be exempt from the [immunization] requirements . . .

56.　When signing SB 277 into law on June 30, 2015, Governor Edmond G. Brown, Jr. again provided a signing statement, stating, in pertinent part:

> The Legislature, after considerable debate, specifically amended SB 277, to exempt a child from immunizations whenever the child's physician concludes that there are "circumstances, including, but not limited to, family medical history, for which the physician does not recommend immunization . . ."

> Thus, SB 277, while requiring children be vaccinated, explicitly provides an exception when a physician believes that circumstances — in the judgment and sound discretion of the physician — so warrant.

57.　Schools in California are rejecting medical exemptions and refusing to admit children with medical exemptions issued by physicians into school.

58.　California health departments are collecting and scrutinizing medical exemptions.

59.　Charity Dean, MD and Takashi Wada, MD, in their official capacities as Health Officer and Director, respectively, of the Santa Barbara County Public