# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANA WHITLOW, *et al.*, | Case No. 16-cv-1715 DMS (BGS) |
|---|---|
| Plaintiffs, | **ORDER DENYING PLAINTIFFS'** *EX PARTE* **MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| v. | |
| STATE OF CALIFORNIA, DEPARTMENT OF EDUCATION, *et al.*, | |
| Defendant. | |

This matter comes before the Court on Plaintiffs' *ex parte* motion for a temporary restraining order ("TRO") to prevent Defendants from proceeding with a foreclosure sale of Plaintiffs' property.

Federal Rule of Civil Procedure 65(b)(1) allows for issuance of a TRO:

without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiffs here have not served a copy of their motion on Defendants and have not claimed that they made any efforts to do so.

///

# I.
# BACKGROUND

Plaintiffs are minors and corporations challenging the validity of California's Senate Bill ("SB") 277, which closes previously available personal belief exemptions ("PBEs") to the general requirements that students seeking to enroll in California schools must be vaccinated. According to Plaintiffs, SB 277 violates their constitutional guarantee of the free exercise of religion under the First Amendment, in addition to other fundamental rights, without a compelling government interest. Additionally, they claim that even if the government shows a compelling interest, SB 277 is not narrowly tailored or the least restrictive means of achieving that interest.

Plaintiffs seek injunctive and declaratory relief from SB 277 to prohibit the enforcement of SB 277.

# II.
# DISCUSSION

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show "'that

he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter,* 555 U.S. at 20).

Here, the Court need not reach the merits of Plaintiffs' request, as it is facially and procedurally defective. In support of their motion, Plaintiffs state that "special education students in year-round IEP Programs face immediate expulsion." Upon reviewing the motion, complaint, and attached affidavits, there are no allegations that any child is currently enrolled in a school and has been expelled or would face immediate expulsion if SB 277 is enforced. TROs are intended as a remedial measure to prevent harm before an adverse party can respond to a request for preliminary injunction. Here, there appears to be no harm to any plaintiff until the fall semester.

Additionally, Plaintiffs have failed to certify any efforts to serve the TRO or a preliminary injunction on Defendants. Without evidence of either frustrated attempts to notify Defendants or reasons why such notice should not be required, Plaintiffs have failed to comply with the plain language of Rule 65(b)(1). In addition, in the absence of an immediate and irreparable injury, Plaintiffs are not entitled to a temporary restraining order.

### III.
### CONCLUSION

For these reasons, Plaintiffs' *ex parte* motion for a temporary restraining order is denied.

**IT IS SO ORDERED.**

Dated: July 5, 2016

_____
The Honorable Dana M. Sabraw
United States District Judge