James S. Turner, Esq. (D.C. Bar No. 82479)
*Pro Hac Vice*
Betsy E. Lehrfeld, Esq. (Cal. Bar No. 77153)
Swankin & Turner
1400 16th Street, NW #101
Washington, DC 20036
Telephone: (202) 462-8800
Facsimile: (202) 265-6564
E-mail: jim@swankin-turner.com;
betsy@swankin-turner.com

Robert T. Moxley, Esq. (Wyo. Bar. No. 5-1726)
*Pro Hac Vice* (pending)
Robert T. Moxley, P.C.
2718 O'Neil Avenue
Post Office Box 565
Cheyenne, Wyoming 82003-0565
Telephone: (307) 632-1112
Facsimile: (307) 632-0401
E-mail: Vaccinelawyer@gmail.com

Carl M. Lewis, Esq. (Cal. Bar No. 121776)
1916 Third Avenue
San Diego, California 92101
Telephone:  (619) 232-0160
Facsimile:  (619) 232-0420
Email:  cmllaw@pacbell.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA WHITLOW, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA, DEPARTMENT OF EDUCATION, et al, <br><br> Defendants. | Case No. 3:16-cv-01715-DMS-BGS <br><br> PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF JAMES S. TURNER; DECLARATION OF TIMOTHY A. |

|   |   |
|---|---|
|   | ADAMS; DECLARATION OF GREGORY J. GLASER; DECLARATION OF NICOLE ANDRADE; DECLARATION OF HOLLY CRAIN; DECLARATION OF VERONICA DELGADO; DECLARATION OF KRISTINA HOGAN; DECLARATION OF SUZETTE LOY; DECLARATION OF ERIK NICOLAISEN; DECLARATION OF BRIANNA OWENS; DECLARATION OF DAWN SAUNDERS; DECLARATION OF DENE SCHULZE-ALVA; DECLARATION OF MELANIE SUNUKJIAN; DECLARATION OF TANYA SUTTON; DECLARATION OF MICHELLE VENEZIANO, D.O.; DECLARATION OF ANA WHITLOW; REQUEST FOR JUDICIAL NOTICE; NOTICE OF LODGMENT AND LODGMENT OF EXHIBITS [F.R.C.P. Rule 56] |
|   | Date:       August 12, 2016<br>Time:       1:30 p.m.<br>Courtroom:  13A |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

COME NOW the Plaintiffs, by and through their attorneys, James S. Turner, Betsy E. Lehrfeld, Robert T. Moxley, and Carl M. Lewis, and move this court pursuant to Rule 65 of the Federal Rules of Civil Procedure for the issuance of a preliminary injunction, enjoining and restraining the above-named defendants, their agents, employees, subordinates and successors and all persons acting in concert with them, from the following actions:

A. Denying the enrollment of Plaintiffs' children into public or private elementary school or secondary schools, child care centers, day nursery facilities, nursery schools, family day care homes, or development centers, for the reason that such children are not "fully immunized" as contemplated by Section 120335 of the California Health and Safety Code as amended by SB 277.

B. Denying the enrollment of Plaintiffs' children into public or private elementary school or secondary schools, child care centers, day nursery facilities, nursery schools, family day care homes, or development centers, for the reason that such children have submitted a "medical exemption" to vaccination, which exemption is deemed unacceptable pursuant to Health and Safety Code section 120370(a), as amended by SB 277, or for any other reason.

C. Denying the enrollment of Plaintiffs' children into public or private elementary school or secondary schools, child care centers, day nursery facilities, nursery schools, family day care homes, or development centers, when such children would have been eligible for enrollment under a personal belief or religious exemption from one or more vaccinations prior to July 1, 2016.

D. Enforcing or implementing the provisions of California Statutes in such a manner as to assume the discretion to deny medical exemptions to vaccination, made upon written application as required by Section 120370 (a) of the Health and Safety Code.

E. Causing, by virtue of any purported exercise of statutory authority, the public schools and other public accommodations to "audit" vaccination status, and/or to deny or threaten to deny services to the Plaintiffs and other similarly situated claimants of religious exemption, personal exemption, or medical opposition to vaccination.

F. Maintaining that previous holders of personal belief or religious exemptions to vaccination are now not entitled to be enrolled in public or private

elementary school or secondary schools, child care centers, day nursery facilities, nursery schools, family day care homes, or development centers.

IN SUPPORT OF THIS MOTION, Plaintiffs state the following:

1. The individual Plaintiffs and association Plaintiffs have filed a First Amended Complaint for injunctive and declaratory relief, seeking to remedy an ongoing infringement upon their rights under the United States and California Constitutions, and under California law.

2. The Plaintiffs and all similarly situated parties will suffer irreparable injury, for which they have no adequate remedy at law, unless a preliminary injunction is entered, enjoining the defendants, their agents, subordinates, employees and all persons acting in active concert or in participation with them, from denying enrollment of the children of Plaintiffs and other similarly-situated parties in public or private elementary or secondary schools, child care centers, day nursery facilities, nursery schools, family day care homes, or development centers.

3. There is a substantial likelihood that Plaintiffs will prevail on the merits of their pending Complaint.

4. There are sufficiently serious questions going to the merits to make them fair ground for litigation.

5. The balance of hardships tips decidedly toward the Plaintiffs.

6. A memorandum of points and authorities in support hereof is filed of even date.

7. No bond should be required of Plaintiffs because Defendants would incur no additional expense from the relief sought herein of restoring the *status quo ante*.

8. Counsel for Plaintiffs has conferred with counsel for Defendant California Department of Public Health and requested that Defendants voluntarily stipulate to a stay of the actions sought to be enjoined herein pending resolution of

this matter on the merits and Defendant refused to enter into such stipulated stay. See Declaration of James S. Turner, Esq. attached as Exhibit A.

DATED: July 15, 2016               Respectfully submitted,


                                   By: */s/ James S. Turner*
                                   James S. Turner
                                   Betsy E. Lehrfeld
                                   Robert T. Moxley
                                   Carl M. Lewis
                                   Attorneys for Plaintiffs

# EXHIBIT A

James S. Turner, Esq. (D.C. Bar No. 82479)
*Pro Hac Vice*
Betsy E. Lehrfeld, Esq. (Cal. Bar No. 77153)
Swankin & Turner
1400 16th Street, NW #101
Washington, DC 20036
Telephone: (202) 462-8800
Facsimile: (202) 265-6564
E-mail: jim@swankin-turner.com;
betsy@swankin-turner.com

Robert T. Moxley, Esq. (Wyo. Bar. No. 5-1726)
*Pro Hac Vice* (pending)
Robert T. Moxley, P.C.
2718 O'Neil Avenue, Post Office Box 565
Cheyenne, Wyoming 82003-0565
Telephone: (307) 632-1112
Facsimile: (307) 632-0401
E-mail: Vaccinelawyer@gmail.com

Carl M. Lewis, Esq. (Cal. Bar No. 121776)
1916 Third Avenue
San Diego, California 92101
Telephone:  (619) 232-0160
Facsimile:  (619) 232-0420
Email:  cmllaw@pacbell.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA WHITLOW, et al.,<br><br>                               Plaintiffs,<br>v.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF EDUCATION, et al.,<br><br>                               Defendants. | Case No.: 3:16-cv-01715-DMS-BGS<br><br>**DECLARATION OF JAMES S. TURNER, ESQ.** |

# DECLARATION OF JAMES S. TURNER, ESQ.

I, James S. Turner, hereby declare:

1. I am an attorney admitted to practice law before the District of Columbia Courts, the United States District Court for the District of Columbia, the Court of Appeals for the D.C. Circuit, and the United States Supreme Court.

2. I am a member in good standing of the Bar of the District of Columbia and am now, and have been since its formation in 1973, a principal attorney with the law firm of Swankin and Turner.

3. I graduated from the Michael E. Moritz College of Law at The Ohio State University and was admitted to the Ohio Bar in 1969, and became a member of the District of Columbia Bar in 1971.

4. I have practiced in the area of health law with special focus on United States Federal agencies including the U.S. Food and Drug Administration, Federal Trade Commission, National Institutes of Health, Centers for Disease Control and Prevention and the Department of Agriculture.

5. I have represented clients on health policy matters before regulatory agencies, in U.S. District Courts and Courts of Appeal, and on petitions to the U.S. Supreme Court.

6. I am lead counsel for the plaintiffs in this action.

7. On July 1, 2016 I and my co-counsels filed a complaint in this action for injunctive and declaratory relief, a motion for a temporary restraining order, and a memorandum of points and authorities in support of the motion, seeking an immediate stay of the implementation of SB 277.

8. On that same date I spoke with California Deputy Attorney General Jonathan Rich, who has since noticed his representation of defendant California Department of Public Health and Dr. Karen Smith, its director.

9. Attorney Rich and I discussed the possibility, and Attorney Rich emphasized that it was only a possibility, of a stipulation in which the state would consider agreeing to limit enforcement of some narrow aspects of SB 277, in order to resolve the issue of the temporary restraining order.

10. On July 5, Attorney Rich requested by email that plaintiffs enter into a stipulation that his client have until July 15 to file a responsive pleading to plaintiff's motion and that the parties ask the court to set a hearing date of July 18.

11. On July 5, the court denied plaintiffs' motion for a temporary restraining order.

12. On July 7, I sent a letter to Attorney Rich by email, setting forth the plaintiffs' requests for a stipulation agreeing to a stay of implementation of SB 277 pending a determination of the case on the merits or in the alternative an expedited briefing schedule for a motion for preliminary injunction. A true and correct copy of that letter is attached hereto as Exhibit 1.

13. On July 11, Attorney Rich denied plaintiffs' requests for a stipulated stay and expedited briefing schedule.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 13, 2016 at Washington, D.C.

*James S. Turner*

DECLARATION OF JAMES S. TURNER

3

Case No. 3:16-cv-01715-DMS-BGS

# EXHIBIT 1

Re: Whitlow v. State of California

Dear Jonathan:

It has been a pleasure speaking with you regarding the referenced matter. Thank you for your time and courtesy. This email sets forth the terms of Plaintiffs' proposed stipulation regarding Plaintiffs' anticipated motion for a Preliminary Injunction and a proposed briefing schedule.

As you know, in many school districts across the state, school starts in mid-August. Under SB 277, both public and private schools across the state are denying thousands of children admission into kindergarten and the seventh grade, in violation of the state Constitution and state truancy laws. Schools are also violating the federal IDEA, as well as SB 277 itself, by barring children with IEPs from school. Additionally, in contravention of the clear and unambiguous language of SB 277 and legislative intent, schools are impermissibly questioning and rejecting medical exemptions written by physicians. There are a myriad other ways in which SB 277, as enacted and as implemented, is violating both state and federal law. While conferring little, if any, public health benefit, SB 277 is causing a tremendous hardship to tens of thousands of children and families throughout the state.

Personal belief exemptions have existed in California for 55 years and preserving the status quo will pose no hardship to the state. The alternative, on the other hand, will cause irreparable harm to thousands of children and families by way of lost educational opportunities, possible truancy under the Education Code, loss of jobs and income as parents are forced to leave work to homeschool their children and, perhaps most egregiously, vaccine injury to medically fragile children who cannot obtain medical exemptions even though they or their older siblings have experienced adverse reactions to previous doses of vaccines.

As we have discussed, Plaintiffs intend to file a motion for a Preliminary Injunction to halt the implementation of SB 277, pending the outcome of our case. We propose the parties stipulate to stop implementation of SB 277 to avoid burdening the Court and the parties with the motion. Specifically, we request that your clients agree to place a moratorium on the implementation of SB 277, pending a determination of the case on the merits. Alternatively, we propose a stipulation to place a moratorium on the implementation of SB 277 for the upcoming school year and revisiting the issue again for subsequent school years, assuming the case is still pending. A moratorium would allow the State the time to plan and implement SB 277 in a consistent fashion, if it is upheld by the Court. Of course, a moratorium would require a return to SB 277's predecessor law, AB 2109, which would, in turn, require that the Department of Public Health reinstate the PBE form and direct schools to enroll children with PBEs.

To the extent your clients do not agree to the foregoing and do not present an alternate moratorium proposal, we propose the following briefing schedule for Plaintiffs' motion for a Preliminary Injunction:

- July 14, 2016 – Plaintiffs' Motion for Preliminary Injunction Due
- July 22, 2016 – Defendants' Opposition Due
- July 29, 2016 – Plaintiffs' Reply Due
- August 5, 2016 – Hearing on Motion for Preliminary Injunction

Thank you for considering Plaintiffs' proposal. We look forward to your prompt response, following which we will prepare a stipulation according to agreed-upon terms.

Jim Turner