James S. Turner, Esq. (D.C. Bar No. 82479)
*Pro Hac Vice*
Betsy E. Lehrfeld, Esq. (Cal. Bar No. 77153)
Swankin & Turner
1400 16th Street, NW #101
Washington, DC 20036
Telephone: (202) 462-8800
Facsimile: (202) 265-6564
E-mail: jim@swankin-turner.com;
betsy@swankin-turner.com

Robert T. Moxley, Esq. (Wyo. Bar. No. 5-1726)
*Pro Hac Vice* (pending)
Robert T. Moxley, P.C.
2718 O'Neil Avenue
Post Office Box 565
Cheyenne, Wyoming 82003-0565
Telephone: (307) 632-1112
Facsimile: (307) 632-0401
E-mail: Vaccinelawyer@gmail.com

Kimberly M. Mack Rosenberg, Esq. (NY Bar. No. 2597045)
*Pro Hac Vice*
Law Office of Kimberly M. Mack Rosenberg
244 Fifth Avenue, Suite K-257
New York, NY 10001
Telephone: (917) 797-8033
Email: kmackrosenberg@gmail.com

Carl M. Lewis, Esq. (Cal. Bar No. 121776)
1916 Third Avenue
San Diego, California 92101
Telephone: (619) 232-0160
Facsimile: (619) 232-0420
Email: cmllaw@pacbell.net

Attorneys for Plaintiffs

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EVIDENCE

1

Case No. 3:16-cv-01715-DMS-BGS

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA | |
| ANA WHITLOW, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br>STATE OF CALIFORNIA, DEPARTMENT OF EDUCATION, et al,<br>　　　　　　　　　　Defendants. | Case No. 3:16-cv-01715-DMS-BGS<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EVIDENCE IN PRELIMINARY INJUNCTION**<br><br>Courtroom:　13A<br>Judge:　　　The Honorable Dana Makato Sabraw<br><br>Trial Date:　None Set<br>Action Filed:　July 1, 2016<br><br>Hearing Date: August 12, 2016<br>Hearing Time: 1:30 p.m. |

Plaintiffs hereby object to the evidence presented in Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction.

### OBJECTIONS TO JONATHAN E. RICH DECLARATION

*Introduction*

The exhibits (committee analysis reports) attached to the Declaration of Jonathan E. Rich are inadmissible because: (1) they lack foundation and do not appear to be based on any declarant's personal knowledge or expert opinions, (2) they are not judicially noticeable, and (3) they are hearsay.

Committee analysis reports are customarily prepared by legislative staffers using information received from lobbyists, special interest groups and members of the public. They contain hearsay and are categorically disputed documents that do not constitute "legislative acts" subject to judicial notice. *See Oneida Indian Nation of NY v. State of New York*, 691 F.2d 1070, 1086 (2d Cir. 1982) (holding '"judicial notice is limited to law, legislative facts, or factual matters that are incontrovertible," including "extrinsic historical evidence" regarding legislative acts); *In re Frito-Lay N Am., Inc.,*

*All Natural Litig.*, 2013 WL 4647512, at *4 (E.D.N.Y. Aug. 29, 2013) (taking judicial notice of similar "documents for the fact that they contain the statements that they contain"); *see also* 21 B Fed. Prac. & Proc. Evid. § 5103.2 (2d ed.) (explaining judicial notice of legislative facts, to which Fed. R. Evid. 201 does not apply).

"When there is no dispute as to the authenticity of such materials and judicial notice is limited to law, legislative facts, or factual matters that are incontrovertible, such notice is admissible. Fed. R. Evid. 201(b), 1 J. Weinstein, Weinstein's Evidence: United States Rules ¶¶ 200[01], [03], at 200-2 to 200-5, 200-14 to 200-19; J. Moore, 10 Moore's Federal Practice § 201.20….However, when facts or opinions found in historical materials or secondary sources are disputed, it is error to accept the data (however authentic) as evidence, cf. *Alvary v. United States*, 302 F.2d 790, 794 (2d Cir. 1962) ("It was error for the trial judge to take judicial notice of text books that were not a part of the record"), at least without affording an opposing party the opportunity to present information which might challenge the fact or the propriety of noticing it. See 10 J. Moore, Moore's Federal Practice § 201.50 (1976), McCormick, Evidence 708 (1954)." *Oneida Indian Nation of N.Y. v. State of N.Y.*, 691 F.2d 1070, 1086 (1982).

Here, Plaintiffs dispute the factual content in the exhibits to the Declaration of Jonathan Rich. Such dispute is evident through the parties' legal arguments to date, as well as Plaintiff declarations. Notably, Defendants use the legislative committee reports as "evidence" to contradict Defendants' own public data and reports.

*Plaintiffs' Specific Objections to Rich Declaration*

| | **Objections to Rich Declaration** | **Ruling** |
|---|---|---|
| 1 | **Material Objected to:** Rich Decl. ¶2, Exh. 1 (Senate Committee analysis report). | Sustained: _____ Overruled: _____ |

| | | |
|---|---|---|
| | **Grounds for Objection:** Fed. R. Evid. 602 (lacks foundation, lacks personal knowledge); Fed. R. Evid. 901 (improperly authenticated); disputed content not subject to judicial notice; Fed. R. Evid. 801, 802, 805 (inadmissible hearsay). | |
| 2 | **Material Objected to:** Rich Decl. ¶3, Exh. 2 (Assembly Committee analysis report).<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks foundation, lacks personal knowledge); Fed. R. Evid. 901 (improperly authenticated); disputed content not subject to judicial notice; Fed. R. Evid. 801, 802, 805 (inadmissible hearsay). | Sustained: _____<br>Overruled: _____ |
| 3 | **Material Objected to:** Rich Decl. ¶4, Exh. 3 (Senate Committee analysis report).<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks foundation, lacks personal knowledge); Fed. R. Evid. 901 (improperly authenticated); disputed content not subject to judicial notice; Fed. R. Evid. 801, 802, 805 (inadmissible hearsay). | Sustained: _____<br>Overruled: _____ |

//
//
//

# OBJECTIONS TO ROBERT SCHECHTER DECLARATION

*Introduction*

Plaintiffs have not yet been afforded the opportunity to cross-examine Dr. Schechter.

Defendants have not made any attempt to formally qualify Dr. Schechter as an expert, or even provide a C.V. for him. Dr. Schechter is the *Chief of Policy Support* in his Department – his declaration is unavoidably biased in support of his department's *policy*. Even on the face of his declaration, Dr. Schechter's testimony does not comply with Federal Rule of Evidence 702, requiring for example "the testimony is based on sufficient facts or data."

Lacking prequalification as an expert and the production of an expert report, Dr. Schechter should not have based his conclusions on inadmissible hearsay. Fed. R. Evid. 801, 802, 805 (inadmissible hearsay). In that regard, the hearsay currently in Dr. Schechter's declaration cannot be admitted into evidence for the truth of the matter stated.

Dr. Schechter's declaration contains no representation of his personal knowledge of the information contained in his declaration. Dr. Schechter does not represent that he has reviewed his Department's data or reports and, in fact, makes several statements in his testimony that directly contradict his Department's reports. Dr. Schechter also opines about schools, school districts, and potential hardship to school personnel if an injunction is granted, without no personal knowledge or expert qualification regarding those topics.

*Plaintiffs' Specific Objections to Schechter Declaration*

| | **Objections to Schechter Declaration** | **Ruling** |
|---|---|---|
| 1 | **Material Objected to:** Schechter Decl. ¶¶4-6 (generalized statements regarding supposed vaccine-based immunity that are unsupported by | Sustained: _____ <br> Overruled: _____ |

| | | |
|---|---|---|
| | scientific citation and that contradict Centers for Disease Control and Prevention statements).<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks foundation, speculation, lacks personal knowledge); Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 702, 705 (expert testimony not reliable) because Dr. Schechter's data set, principles and methods have not been disclosed, and his conclusions are in dispute. | |
| 2 | **Material Objected to:** Schechter Decl. ¶7, lines 1-5 (statements regarding supposed vaccine-based immunity that are not supported by attachments subject to verification).<br><br>**Grounds for Objection:** Fed. R. Evid. 901 (improperly authenticated); Fed. R. Evid. 602 (lacks foundation, speculation, lacks personal knowledge); Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 702, 705 (expert testimony not reliable) because Dr. Schechter's data set, principles and methods have not been disclosed, and his conclusions are in dispute; Fed. R. Evid. 801, 802, 805 (inadmissible hearsay). | Sustained: _____<br>Overruled: _____ |

| | | |
|---|---|---|
| 3 | **Material Objected to:** Schechter Decl. ¶7, lines 5-12 (statements regarding supposed vaccine-based immunity; conclusion that measles vaccination rates must exceed 97% to provide "community immunity"). <br><br>**Grounds for Objection:** Fed. R. Evid. 702, 705 (expert testimony not reliable) because Dr. Schechter's data set, principles and methods have not been disclosed, and his conclusions are in dispute; Fed. R. Evid. 602 (lacks foundation, speculation); Fed. R. Evid. 801, 802, 805 (inadmissible hearsay). | Sustained: _____ <br> Overruled: _____ |
| 4 | **Material Objected to:** Schechter Decl. ¶¶8-9 (generalized statements regarding supposed vaccine-based immunity that are unsupported by scientific citation). <br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks foundation, speculation, lacks personal knowledge); Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 702, 705 (expert testimony not reliable) because Dr. Schechter's data set, principles and methods have not been disclosed, and his conclusions are in dispute; Fed. R. Evid. 801, 802, 805 (inadmissible hearsay). | Sustained: _____ <br> Overruled: _____ |

| | | |
|---|---|---|
| 5 | **Material Objected to:** Schechter Decl. ¶10 (statements regarding supposed vaccine-based immunity that are not supported by attachments subject to verification).<br><br>**Grounds for Objection:** Fed. R. Evid. 901 (improperly authenticated); Fed. R. Evid. 602 (lacks foundation, speculation, lacks personal knowledge); Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 801, 802, 805 (inadmissible hearsay). | Sustained: _____<br>Overruled: _____ |
| 6 | **Material Objected to:** Schechter Decl. ¶11 (generalized statements regarding U.S. vaccine practices that are unsupported by citation).<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks foundation, speculation, lacks personal knowledge); Fed. R. Evid. 402 (irrelevant); disputed content not subject to judicial notice. | Sustained: _____<br>Overruled: _____ |
| 7 | **Material Objected to:** Schechter Decl. ¶12, page 4, lines 20-27 (statistics regarding vaccination coverage that are unsupported by scientific citation).<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks foundation, speculation, lacks personal knowledge); Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 702, | Sustained: _____<br>Overruled: _____ |

| | | |
|---|---|---|
| | 705 (expert testimony not reliable) because Dr. Schechter's data set, principles and methods have not been disclosed, and his conclusions are in dispute. | |
| 8 | **Material Objected to:** Schechter Decl. ¶12, page 5, lines 5-6 (conclusion that measles vaccination rates must exceed 97% to provide "community immunity").<br><br>**Grounds for Objection:** Fed. R. Evid. 702, 705 (expert testimony not reliable) because Dr. Schechter's data set, principles and methods have not been disclosed, and his conclusions are in dispute; Fed. R. Evid. 602 (lacks foundation, speculation). | Sustained: _____<br>Overruled: _____ |
| 9 | **Material Objected to:** Schechter Decl. ¶13, lines 9-11 (conclusion regarding supposed vaccine-based immunity that is unsupported by scientific citation).<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks foundation, speculation, lacks personal knowledge); Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 702, 705 (expert testimony not reliable) because Dr. Schechter's data set, principles and methods have not been disclosed, and his conclusions are in dispute. | Sustained: _____<br>Overruled: _____ |

| | | |
|---|---|---|
| 10 | **Material Objected to:** Schechter Decl. ¶15 (sociological conclusion that is unsupported by scientific citation).<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks foundation, speculation, lacks personal knowledge); Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 702, 705 (expert testimony not reliable) because Dr. Schechter's data set, principles and methods have not been disclosed, and his conclusions are in dispute. | Sustained: _____<br>Overruled: _____ |
| 11 | **Material Objected to:** Schechter Decl. ¶16, line 5 ("suboptimal immunization") (conclusion that is unsupported by scientific citation).<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks foundation, speculation, lacks personal knowledge); Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 702, 705 (expert testimony not reliable) because Dr. Schechter's data set, principles and methods have not been disclosed, and his conclusions are in dispute. | Sustained: _____<br>Overruled: _____ |
| 12 | **Material Objected to:** Schechter Decl. ¶17, line 1 ("vaccine-preventable diseases") (conclusion that is unsupported by scientific citation). | Sustained: _____<br>Overruled: _____ |

| | | |
|---|---|---|
| | | **Grounds for Objection:** Fed. R. Evid. 602 (lacks foundation, speculation, lacks personal knowledge); Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 702, 705 (expert testimony not reliable) because Dr. Schechter's data set, principles and methods have not been disclosed, and his conclusions are in dispute. | |
| 13 | **Material Objected to:** Schechter Decl. ¶18, lines 3-5 (conclusion regarding supposed "vulnerability of unimmunized individuals and their role in transmitting disease"). <br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks foundation, speculation, lacks personal knowledge); Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 702, 705 (expert testimony not reliable) because Dr. Schechter's data set, principles and methods have not been disclosed, and his conclusions are in dispute; Fed. R. Evid. 801, 802, 805 (inadmissible hearsay). | Sustained: _____ <br> Overruled: _____ |
| 14 | **Material Objected to:** Schechter Decl. ¶19 (conclusion regarding supposed vulnerability of unimmunized individuals and their role in transmitting disease; unsupported by an exhibit | Sustained: _____ <br> Overruled: _____ |

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EVIDENCE

11

Case No. 3:16-cv-01715-DMS-BGS

| | | | |
|---|---|---|---|
| | | available for viewing). | |
| | | **Grounds for Objection:** Fed. R. Evid. 901 (improperly authenticated); Fed. R. Evid. 602 (lacks foundation, speculation, lacks personal knowledge); Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 702, 705 (expert testimony not reliable) because Dr. Schechter's data set, principles and methods have not been disclosed, and his conclusions are in dispute; Fed. R. Evid. 801, 802, 805 (inadmissible hearsay). | |
| | 15 | **Material Objected to:** Schechter Decl. ¶20 (conclusion regarding supposed vulnerability of unimmunized individuals and their role in transmitting disease).<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks foundation, speculation, lacks personal knowledge); Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 702, 705 (expert testimony not reliable) because Dr. Schechter's data set, principles and methods have not been disclosed, and his conclusions are in dispute; Fed. R. Evid. 801, 802, 805 (inadmissible hearsay). | Sustained: _____<br>Overruled: _____ |
| | 16 | **Material Objected to:** Schechter Decl. ¶¶22, 24-27 | Sustained: _____ |

| | |
|---|---|
| (testimony regarding school enrollment, and the effects of a preliminary injunction on school administration). Dr. Schechter is not qualified to discuss school enrollment procedures and challenges, nor to speculate on the effects of a preliminary injunction.<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks foundation, speculation, lacks personal knowledge); Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 702, 705 (expert testimony not reliable); Fed. R. Evid. 701, 702 (improper lay opinion). | Overruled: _____ |

DATED: August 5, 2016          Respectfully submitted,

                    By:   */s/ James S. Turner*_____
                          James S. Turner
                          Betsy E. Lehrfeld
                          Robert T. Moxley
                          Kimberly M. Mack Rosenberg
                          Carl M. Lewis
                          Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2016, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system, on behalf of all Plaintiffs:

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EVIDENCE IN PRELIMINARY INJUNCTION.**

I certify that all participants in the case are registered CM/ECF users and they will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 5, 2016, at Washington, D.C.

                                   */s/ James S. Turner*

                                   James S. Turner, Declarant